IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MISTY GAYLE HART-BEVAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-145-ALM-KPJ |
| | § | |
| **KILOLO KIJAKAZI,** | § | |
| *Acting Commissioner of Social Security*, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Misty Gayle Hart-Bevan's ("Plaintiff") Application for Attorneys' Fees under the Equal Access to Justice Act and Memorandum in Support Thereof (the "EAJA Motion") (Dkt. 29). Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner"), filed a response (Dkt. 30) to the EAJA Motion, and Plaintiff filed a reply (Dkt. 34). For the reasons set forth below, the Court recommends the EAJA Motion (Dkt. 29) be **GRANTED**.

**I.   BACKGROUND**

Counsel for Plaintiff, William L. Fouché, Jr. ("Mr. Fouché") and Paul Burkhalter ("Mr. Burkhalter," and together, "Counsel"), represented Plaintiff in a civil action before the Court for review of the Commissioner's unfavorable decision. On September 26, 2022, the Court reversed and remanded the Commissioner's decision for further proceedings. *See* Dkts. 25, 26.

On December 20, 2022, Plaintiff filed the EAJA Motion (Dkt. 29),[1] wherein Plaintiff requests attorney fees under the EAJA in the amount of $15,361.63 for the following: (a) work completed by Mr. Fouché in 2021 for a total of 26.4 hours at an hourly rate of $211.80; (b) work completed by Mr. Burkhalter in 2021 for a total of 4.15 hours at an hourly rate of $211.80; (c) work completed by Mr. Fouché in 2022 for a total of 36.6 hours, including 3 hours drafting the EAJA application, at an hourly rate of $226.87; (d) work completed by Mr. Burkhalter in 2022 for a total of 0.35 hours at an hourly rate of $226.87; (e) the $400 filing fee advanced by Mr. Burkhalter; and (f) the $108.30 printer's invoice paid by Mr. Fouché. *See* Dkt. 29 at 7. In support, Plaintiff provides entries of work completed by Mr. Fouché and Mr. Burkhalter, *see* Dkts. 29-2, 29-3; and a copy of the printer's invoice, *see* Dkt. 29-4.

On January 4, 2023, the Commissioner filed a response in opposition (Dkt. 30), objecting to the number of hours for which Plaintiff requests payment and requesting the Court deny the EAJA Motion (Dkt. 29) in part. *See* Dkt. 30 at 1. The Commissioner asserts the "dual purpose of the EAJA is to ensure adequate representation for those who need it, and to minimize the cost of this representation to taxpayers." *Id.* at 2 (citing *Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995); *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988)). The Commissioner contends "[t]he typical EAJA application for attorney fees in Social Security cases claims between 20 and 40 hours of attorney work." *Id.* (collecting cases). The Commissioner further argues that "[b]ecause the instant case did not involve unusually complex facts or legal issues, Plaintiff's request for 67.5 attorney hours is excessive." *Id.* Thus, the Commissioner requests the Court award fees for 40 attorney

---

[1] Additionally, on October 11, 2022, Plaintiff filed a Motion to Enlarge Time (the "Motion to Enlarge Time") (Dkt. 27), wherein Plaintiff sought an extension of time to file a motion for attorney fees under 42 U.S.C Section 406(b). *See id.* On October 26, 2022, the Court granted the Motion to Enlarge Time (Dkt. 27), as the Commissioner had not filed a response, and granted Plaintiff leave to file a motion for Section 406(b) attorney fees after Plaintiff completes the administrative proceedings. *See* Dkt. 28.

hours and submits that an award of $9,311.84 in EAJA fees for the following is appropriate: (a) 18 hours at an hourly rate of $211.80 for work performed in 2021; (b) 22 hours at an hourly rate of $226.87 for work performed in 2022; (c) $400 for the filing fee; and (d) $108.30 for the printer's invoice. *Id.* at 3.

On January 17, 2023, Plaintiff filed the reply (Dkt. 34), in which Plaintiff argues the following: (1) the Commissioner is incorrect that the EAJA's purpose is to "minimize the cost of representation to the taxpayers"; (2) Plaintiff has met her burden to show the reasonableness of the hours worked; and (3) the Commissioner is incorrect that Plaintiff cannot be reimbursed for more than 40 hours of work. *Id.* at 1. Plaintiff argues a unanimous Supreme Court held in *INS v. Jean*, 496 U.S. 154 (1990), that "[t]he Government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights and 'curbing . . . the unreasonable exercise of Government authority.'" Dkt. 34 at 2 (citing *Jean*, 496 U.S. at 164–65) (emphasis omitted). Plaintiff contends the Commissioner "has not advanced a single specific objection" and Plaintiff has "provided detailed descriptions of the work done and hours charged by [C]ounsel." *Id.* at 3. Additionally, Plaintiff argues the Commissioner's "core argument is that 40 hours is an upper limit on compensable hours." *Id.* Plaintiff asserts this argument must be rejected, as it would force attorneys to "either leave [work] undone or do it for free." *Id.* Plaintiff argues the "erroneous nature of [the Commissioner's] approach is also clear from the numerous cases in which EAJA awards for much more than 40 hours . . . have been made without fanfare." *Id.* at 4. (collecting cases). Finally, Plaintiff requests additional attorney fees for work completed by Mr. Fouché in 2022 for a total of 6.5 hours at an hourly rate of $226.87, *see id.* at 7; and includes entries of work completed by Mr. Fouché to support this request, *see* Dkt. 34-1.

## II. ANALYSIS

In order to award attorney fees in a social security action under the EAJA, the Court must determine: (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; (3) there are no special circumstances that make an award unjust; and (4) the requested fees and costs are reasonable. 28 U.S.C. § 2412(b), (d)(1)(A). The Commissioner has the burden of proving substantial justification. *Prince v. Colvin*, 94 F. Supp. 3d 787, 794 (N.D. Tex. 2015) (citing *Sims v. Apfel*, 238 F.3d 597, 602 (5th Cir. 2001)). "Substantial justification" under the EAJA means the government's position must have a reasonable basis both in law and in fact. *W.M.V.C. v. Barr*, 926 F.3d 202, 208 (5th Cir. 2019) (citing *Baker*, 839 F.2d at 1080). The claimant has the burden of demonstrating the hours claimed were reasonably expended on the prevailing claim. *See Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

The Court remanded this case to the Social Security Administration after determining the ALJ failed to apply the proper legal standards in the evaluation of Plaintiff's treating neurologist. *See* Dkts. 24, 25, 26. In her response, the Commissioner does not argue that her litigation position was substantially justified or that there are special circumstances that make an EAJA award unjust. *See* Dkt. 30. Therefore, the Court recommends finding Plaintiff is the prevailing party, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.

Turning to whether Plaintiff's requested fees in the EAJA Motion (Dkt. 29) and reply (Dkt. 34) are reasonable, Plaintiff seeks attorney fees for the following hours expended in this case: (a) work completed by Mr. Fouché in 2021 for a total of 26.4 hours at an hourly rate of $211.80; (b) work completed by Mr. Burkhalter in 2021 for a total of 4.15 hours at an hourly rate of $211.80; (c) work completed by Mr. Fouché in 2022 for a total of 36.6 hours at an hourly rate of $226.87;

(d) work completed by Mr. Burkhalter in 2022 for a total of 0.35 hours at an hourly rate of $226.87; (e) the $400 filing fee advanced by Mr. Burkhalter; (f) the $108.30 printer's invoice paid by Mr. Fouché; and work completed by Mr. Fouché in 2022 defending Plaintiff's EAJA fee application for a total of 6.5 hours at an hourly rate of $226.87. *See* Dkt. 29 at 7; Dkt. 34 at 7. In sum, Plaintiff requests $16,836.29—$16,327.99 in attorney fees and $508.30 in filing fees and costs—under the EAJA. *See* Dkt. 34 at 7.

The Commissioner does not take issue with Plaintiff's requested hourly rate or the filing fees and costs. *See* Dkt. 30 at 3. Rather, the Commissioner asserts an award of attorney fees beyond 40 hours is excessive in this case and that an award of $9,311.84 in EAJA fees is appropriate. *See id.* The Commissioner contends this "case did not involve unusually complex facts or legal issues", and argues the Court should be conscious that the EAJA not only seeks to ensure adequate representation, but also "to minimize the cost of this representation to taxpayers." Dkt. 30 at 2 (citation omitted).

The Commissioner's argument that the Court should award for only 40 hours of work completed by Counsel is unavailing and does not go to the individual facts of the present case. While it is true the Fifth Circuit has held that 28 U.S.C. Section 2412(d) has a "dual purpose" of ensuring "sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers," the Fifth Circuit has also made clear that Section 2412(d) requires courts conduct a fee awards analysis that is "particularized . . . [to] the individual facts of the case." *Baker*, 839 F.2d at 1082 (citation omitted). The Commissioner's argument is unspecific as to which hours are being challenged, and largely turns on its conclusory assertion that this case did not involve complex factual or legal issues. But this case involved a lengthy Certified Administrative Record, which exceeded 1,500 pages and involved approximately five evidentiary

hearings and numerous medical opinions. *See* Dkt. 34 at 5; *see also* Dkts. 10, 17, 19, 24. Furthermore, the Commissioner does not address that Plaintiff's appeal challenged an alleged internal consistency and the weights accorded by the ALJ's decision, or that this matter involved $800,000 at issue. *See* Dkt. 34 at 5. The Court does not agree with the Commissioner that this case was factually or legally simple.

As Plaintiff correctly argues, 30 to 40 hours of hours of work completed for social security cases is "typical"—not the *limit*. *See Johns v. Colvin*, No. 3:13-CV-4420, 2016 WL 1366267, at *4 (N.D. Tex. Apr. 6, 2016) ("[The] determination of attorney's fees under the EAJA is based on reasonableness, not necessarily what is considered typical." (citing 28 U.S.C. § 2412)). In reviewing the itemized time entries Plaintiff submitted in support, the Court is not persuaded that the Commissioner's blanket assertion of a reduction to 40 hours is appropriate. Accordingly, the Court finds Plaintiff has met her burden and Plaintiff's requested attorney fees are reasonable in light of Counsel's explanation and briefing. *See Darren Lamar L. v. Saul*, No. 3:19-CV-1878, 2021 WL 3276884, at *1–2 (N.D. Tex. Apr. 7, 2021), *R. & R. adopted*, No. 3:19-CV-1878, 2021 WL 3269753 (N.D. Tex. July 30, 2021); *Johns*, 2016 WL 1366267, at *5 (finding attorney fees under the EAJA for approximately 64 hours of work completed to be reasonable); *Darby v. Saul*, No. 1:17-CV-00032, 2019 WL 6791009, at *6 (N.D. Tex. Nov. 27, 2019), *R. & R. adopted*, 2019 WL 6790397 (N.D. Tex. Dec. 12, 2019) (finding attorney fees under the EAJA for approximately 71.5 hours of work completed to be reasonable) (collecting cases); *cf. Cockshutt v. Saul*, No. 3:19-CV-896-BH, 2021 WL 1338149, at *5 (N.D. Tex. Apr. 8, 2021) (reducing award under the EAJA, as the plaintiff "has not provided sufficient explanation or documentation to determine their reasonableness . . ." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))).

Furthermore, Plaintiff is correct that time spent by Counsel preparing and litigating the EAJA Motion is billable. *See Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Comm'r*, 891 F.2d 1167, 1170–71 (5th Cir. 1990)); *see also Roy v. Saul*, No. 6:20-CV-373, 2021 WL 7906838, at *2 (E.D. Tex. June 28, 2021) ("Plaintiff correctly notes that time spent preparing for the EAJA petition is billable." (citing *Trichilo v. Sec'y of Health & Hum. Servs.*, 832 F.2d 743, 744 (2d Cir. 1987))); *Cockshutt*, 2021 WL 1338149, at *6 ("Under the EAJA, the fee award covers the cost of 'all phases of successful litigation' incurred by a party. This includes the fees incurred in defending a fee application.") (citations omitted). The Court finds the 3 hours drafting the EAJA Motion (Dkt. 29) and the 6.5 hours drafting the reply (Dkt. 34) are reasonable, and recommends awarding Plaintiff such attorney fees under the EAJA.

Accordingly, Plaintiff should be awarded attorney fees as follows:

(1) work completed by Mr. Fouché in 2021 for a total of 26.4 hours at an hourly rate of $211.80, which totals $5,591.52;

(2) work completed by Mr. Burkhalter in 2021 for a total of 4.15 hours at an hourly rate of $211.80, which totals $878.97;

(3) work completed by Mr. Fouché in 2022 for a total of 36.6 hours, including 3 hours preparing the EAJA application, at an hourly rate of $226.87, which totals $8,303.44;

(4) work completed by Mr. Burkhalter in 2022 for a total of 0.35 hours at an hourly rate of $226.87, which totals $79.40;

(5) the $400 filing fee advanced by Mr. Burkhalter and the $108.30 printer's invoice paid by Mr. Fouché, which totals $508.30;

(6) and work completed by Mr. Fouché in 2022 defending Plaintiff's EAJA fee application for a total of 6.5 hours at an hourly rate of $226.87, which totals $1,474.66.

Adding the above amounts results in a total award of $16,836.29. This award should be made payable to Plaintiff and sent to Plaintiff's counsel, Mr. Burkhalter.[2] *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the EAJA Motion (Dkt. 29) be **GRANTED**, Plaintiff be awarded $16,836.29, and the award be made payable to Plaintiff and sent to Mr. Burkhalter.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

---

[2] Plaintiff requests the award be mailed to Mr. Burkhalter's office. *See* Dkt. 29 at 7.

**So ORDERED and SIGNED this 1st day of May, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE